IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  08-cv-01624-WYD-MJW

COLORADO ENVIRONMENTAL COALITION ("CEC");
INFORMATION NETWORK FOR RESPONSIBLE MINING ("INFORM");
CENTER FOR NATIVE ECOSYSTEMS ("CNE");
CENTER FOR BIOLOGICAL DIVERSITY ("CENTER"),

      Plaintiffs,

v.

OFFICE OF LEGACY MANAGEMENT ("OLM"), an agency within the United States Department of Energy; and
UNITED STATES DEPARTMENT OF ENERGY ("DOE"), an agency of the United States,

      Defendants.

---

**ORDER**

---

I.    <u>INTRODUCTION</u>

      This matter is before the Court on Plaintiffs' Motion for Leave to Conduct Discovery, which was referred to Magistrate Judge Watanabe.  He issued a Minute Order denying the motion on March 9, 2009.  Plaintiffs' motion was denied on three (3) bases: (1) Plaintiffs' failure to comply with D.C.COLO.LCivR 7.1 A; (2) their failure to demonstrate with "clear evidence" any deficiency in the Administrative Record for the only final agency action specifically identified and challenged in the Complaint; and (3) judicial review of the legal adequacy of an agency decision under the Administrative Procedure Act ("APA") is limited to the administrative record.  Plaintiffs filed timely Objections to Magistrate Judge Watanabe's Order which I review in this Order.

II.     ANALYSIS

    A.     Standard of Review

The first issue I address is the proper standard of review of Plaintiffs' objections. Normally a discovery ruling such as the one at issue is reviewed under the "clearly erroneous or contrary to law" standard of review as the nature of the matter is viewed to be nondispositive. Fed. R. Civ. P. 72(a). The clearly erroneous standard "requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948)).

However, the Tenth Circuit has noted that a motion's classification as "dispositive" or "nondispositive" turns on the effect of the ruling, and not on a strict reading of the motion's heading. *Id.* at 1462. Plaintiffs argue that the Order at issue may have dispositive effect in that it effectively bars their challenge to the site-specific implementation of the Uranium Lease Management Program ("ULMP") by limiting the administrative record, which has the effect of denying this Court's jurisdiction over these agency actions. While I find some merit to that argument, I need not address that issue because I find that the Order denying discovery should be affirmed in part and rejected in part under either standard of review.

    B.     Review of the March 9, 2009 Minute Order

I first reject Magistrate Judge Watanabe's finding that Plaintiffs failed to comply with D.C.COLO.LCivR 7.1.A. The motion contained an express certification under Local

Rule 7.1.A and detailed the efforts to comply with the Rule. While Defendants challenged the sufficiency of the attempts to confer under Rule 7.1.A, I find that Plaintiffs adequately complied with the rule. *See Birdie, LLC v. Mon Petit Oiseau, LLC*, No. 06-cv-00822-LTB-MJW, 2006 WL 2583593, at * 1 (D. Colo. 2006) (Rule 7.1 satisfied by letter referencing a prior telephone call between counsel and which identified the topics of irreconcilable disagreement).

I now turn to the merits of Plaintiffs' discovery motion. Magistrate Judge Watanabe found that Plaintiffs failed to demonstrate with "clear evidence" any deficiency in the Administrative Record "for the only agency action specifically identified and challenged in Plaintiffs' Complaint". (Minute Order of March 9, 2009). I find that Defendants' construction of the Complaint, which Magistrate Judge Watanabe adopted in his Minute Order, is too narrow, as discussed below, and thus reject his finding that only one agency action was alleged in the Complaint.

The Complaint seeks review under the APA and the National Forest Management Act of 1976 ("NEPA") of certain actions under the ULMP. One agency action that is at issue in the Complaint is the Uranium Leasing Program Final Programmatic Environmental Assessment and Finding of No Significant Impact ("PEA/FONSI") issued on July 6, 2007. Plaintiffs argue that the PEA/FONSI failed to consider the environmental impacts of the expansion of active leasing of 27,000 acres of public lands managed by Defendants from 13 to as many as 38 individual lease tracts. (Compl., ¶ 2.) Plaintiffs further allege that the actions Defendants took in connection with the PEA/FONSI violated the requirements of informed decisionmaking

and public participation as well as the "hard look" mandate of NEPA.  (*Id.*, ¶¶ 43-57.)  There is no dispute that review of the PEA/FONSI is properly before the Court, and I assume that this is the agency action which Magistrate Judge Watanabe referred to in his Minute Order.

However, I agree with Plaintiffs that the Complaint also references other agency actions that are challenged in this litigation.  The Complaint alleges that on July 10, 2008, after issuance of the PEA/FONSI, Defendants announced by press release that 15 new leases had been issued in 2008 and that Defendants did not prepare any site-specific NEPA analyses with respect to same.  (Compl., ¶ 3.)  Further, Plaintiffs' response asserts that there no dispute that Defendants actually offered, issued, and executed 31 mineral leases which impact the program-level ULMP decisions made in the PEA/FONSI.

While not deciding the issue at this time, the issuance of a mineral lease by a federal agency may be a "federal action" subject to NEPA and an "agency action" subject to the APA.  *S. Utah Wilderness Alliance v. Norton*, 457 F. Supp. 2d 1253, 1263-64 (D. Utah 2006).  These leases, while not individually identified, are readily ascertainable by Defendants as the issuing party and arguably constitute "an identifiable action or event" under the very authority relied on by Defendants.  *Sierra Club v. Peterson*, 228 F.3d 559, 565 (5th Cir. 2000).  Similarly, Plaintiffs have referred in the Complaint to site-specific mining activities which have been approved by the Defendants and which may constitute an identifiable action or event.  (Compl., ¶¶ 68, 69.)

Finally, the Complaint references other actions taken by Defendants which may constitute identifiable agency actions. It alleges that Defendants: (1) changed the standard lease form and did not address these changes in the PEA/FONSI or in any NEPA process; (2) created an *ultra vires* program of using royalty credits to carry out reclamation activities on ULMP lease tracts and have not complied with NEPA in using these credits as a means to finance reclamation activities; (3) issued an invitation for bids for the lease tracts which were made active by decisions made in reliance on the PEA/FONSI and that the mineral lease stage is a major federal action which requires NEPA compliance before a lease may be offered, issued, or renewed; and (4) issued leases in June 2008 and still have not prepared any NEPA analysis of the direct, indirect, and cumulative environmental impacts of the individual leases or site-specific uranium mining activities. (Compl., ¶¶ 60-69.)

Based on my review of the Complaint, I thus reject Magistrate Judge Watanabe's conclusion that the only agency action at issue is the PEA/FONSI. Plaintiffs have alleged a number of other identifiable agency actions and allege that these other actions were not subjected to NEPA's public disclosure requirements. These actions related to site-specific actions by the Defendants taken to implement the ULMP, which may be subject to federal review although I do not decide the issue at this time. *See San Juan Citizens' Alliance v. Babbitt*, 228 F. Supp. 2d 1224, 1229 (D. Colo. 2002). The administrative record does not encompass these site-specific actions.

I now turn to the primary issue; namely, whether discovery is appropriate in this case. As noted earlier, Magistrate Judge Watanabe ruled that discovery is not available

in an APA case, without further analysis and without analyzing the facts of this case. However, discovery has been held to be appropriate on an APA claim on a case-by-case basis. *See, e.g., Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993).

In this case, Plaintiffs assert that discovery is appropriate to establish (1) the agency actions with particularity, (2) facts relevant to proving jurisdiction; and (3) a complete administrative record. I find that some limited discovery is appropriate but reject the full range of discovery sought by Plaintiffs. Accordingly, I affirm in part and reject in part Magistrate Judge Watanabe's ruling denying discovery, as discussed below.

First, I find that to the extent Plaintiffs assert that discovery is needed to identify with more particularity the site-specific actions taken by Defendants regarding leases, mining approvals or other activity to implement the ULMP, I find that limited discovery is appropriate on that issue and can be conducted by Plaintiffs. Plaintiffs are not required to litigate based only on "examples" of such activities. *See Center for Native Ecosystems v. Cables*, 509 F.3d 1310, 1329 (10th Cir. 2007) (distinguishing *Peterson*, 228 F.2d at 563, 566-67). However, I reject Plaintiffs' argument that discovery is appropriate to address other unspecified agency actions which are not site-specific that may have been taken to implement the ULMP. This discovery request is too broad and would essentially constitute a fishing expedition on the part of Plaintiffs.

I also find that discovery is appropriate to establish subject matter jurisdiction, as Defendants have contested jurisdiction in this case. In order to establish jurisdiction, Plaintiffs must show that the actions at issue constitute final agency actions subject to

review in federal court.  *See Wyoming ex rel. Crank v. United States*, 539 F.3d 1236, 1243 (10th Cir. 2008); *Pennaco Energy, Inc. v. U.S. Dept. of Interior*, 377 F.3d 1147, 1155 (10th Cir. 2004).  The Tenth Circuit has indicated that "'[w]hen a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion.'"  *Sizova v. Nat. Institute of Standards & Technology*, 282 F.3d 1320, 1326 (10th Cir. 2002) (quotation omitted).

Further, discovery is appropriate to determine what deficiencies exist in the administrative record regarding the agency actions identified above.  As noted by the Tenth Circuit, "[t]he district court must have the 'whole record' on which the agency acted."  *Bar MK Ranches*, 994 F.2d at 739 (quotation omitted).  "An agency may not unilaterally determine what constitutes the Administrative Record. . . ."  *Id.*  "When a showing is made that the record may not be complete, limited discovery is appropriate to resolve that question."  *Id.*

Magistrate Judge Watanabe found, however, that the designation of the record is entitled to a presumption of regularity and that Plaintiffs failed to demonstrate with "clear evidence" any deficiency in the administrative record.  While I agree with and affirm his finding that the record designation is entitled to a presumption of regularity, I reject his finding that Plaintiffs failed to demonstrate with clear evidence that the administrative record is deficient.  As noted above, Plaintiffs identified a number of agency actions which, if subject to federal review, are not included in the record.

Finally, I affirm in part and reject in part the ruling by Magistrate Judge Watanabe that judicial review of the legal adequacy of an agency decision is limited to the

administrative record.  While review is generally limited to the administrative record, I find that evidence produced through discovery that is not in the administrative record and which addresses jurisdictional issues may properly be considered.

III.   CONCLUSION

For the reasons outlined above, the Minute Order of March 9, 2009, filed by Magistrate Judge Watanabe is **AFFIRMED IN PART AND REJECTED IN PART**. Accordingly, it is

ORDERED that Plaintiffs' Motion for Leave to Conduct Discovery is now **GRANTED IN PART AND DENIED IN PART** consistent with this Order.

Dated:  January 14, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge