**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 08-cv-01624-WJM-MJW

COLORADO ENVIRONMENTAL COALITION,
INFORMATION NETWORK FOR RESPONSIBLE MINING,
CENTER FOR NATIVE ECOSYSTEMS,
CENTER FOR BIOLOGICAL DIVERSITY, and
SHEEP MOUNTAIN ALLIANCE,

    Plaintiffs,

v.

OFFICE OF LEGACY MANAGEMENT, and
UNITED STATES DEPARTMENT OF ENERGY,

    Defendants.

**ORDER GRANTING DEFENDANTS' MOTION TO REOPEN**

Plaintiffs Colorado Environmental Coalition, Information Network for Responsible Mining, Center for Biological Diversity, and Sheep Mountain Alliance (collectively "Plaintiffs") brought this action against Defendants the Office of Legacy Management and the United States Department of Energy (together "Defendants") alleging violations of the National Environmental Policy Act, 42 U.S.C. § 4321 *et seq.* ("NEPA"). (ECF No. 61.)  This matter is before the Court on Defendants' Motion to Reopen Case for Good Cause to Dissolve Injunction Under Federal Rule of Civil Procedure 60(b). (ECF No. 119.)  For the reasons set forth below, Defendants' Motion to Reopen is granted.

**I. DISCUSSION**

The Uranium Lease Management Program ("ULMP") is a uranium mining program administered by Defendants in the Uravan Mineral Belt in Mesa, Montrose,

and San Miguel Counties in southwestern Colorado. Plaintiffs brought this action to challenge Defendants' 2007 decision to expand the ULMP, Defendants' issuance of leases to uranium mining companies under the expanded ULMP, and Defendants' approvals of exploration or reclamation activities on certain lease tracts. (*See* ECF No. 61.)

In an October 18, 2011 Order, the Court held that Defendants' 2007 Environmental Assessment ("EA") and Finding of No Significant Impact ("FONSI") approving the expansion of the ULMP violated both NEPA and the Endangered Species Act ("ESA"). (ECF No. 94.) As a result, the Court invalidated the EA and FONSI, ordered Defendants to conduct a NEPA- and ESA-compliant environmental analysis on remand, stayed the leases already issued by Defendants, enjoined Defendants from issuing any new leases on ULMP lands, and enjoined Defendants "from approving any activities on lands governed by the ULMP, including exploration, drilling, mining, and reclamation activities" (collectively, the "Injunction"). (*Id.* at 52.) At the conclusion of the Order, the case was administratively closed. (*Id.*)

On February 27, 2012, the Court reopened the case for the limited purpose of considering Defendants' Motion for Reconsideration. (ECF No. 102.) The Court granted in part the motion, and modified the Injunction to allow limited, "absolutely necessary" activities to proceed on the relevant lease tracts. (*Id.* at 7–11.) After this modification, the case was once again administratively closed, subject to reopening for good cause shown. (*Id.* at 11.) The Court noted that, "[a]fter Defendants conduct an environmental analysis on remand that fully complies with NEPA, ESA, all other governing statutes and regulations, and this Court's October 18, 2011 Opinion and

Order, Defendants may move the Court to dissolve this injunction . . . ." (*Id.*)

Defendants appealed the Court's Orders to the Tenth Circuit Court of Appeals, but voluntarily dismissed the appeal. (ECF No. 111.) On August 14, 2015, Defendants moved to dissolve the Injunction. (ECF No. 117.) Given the administrative closure, the Court denied the motion without prejudice and directed Defendants to first move to reopen the case. (ECF No. 118.) The instant Motion was filed on August 20, 2015. (ECF No. 119.) Plaintiffs filed a Response to the Motion (ECF No. 121), and Defendants filed a Reply (ECF No. 122).

The Motion seeks to establish good cause to reopen as required by District of Colorado Local Rule 41.2, "Administrative Closure," which states in relevant part that "[a] district judge . . . may order the clerk to close a civil action administratively subject to reopening for good cause." Defendants argue that good cause exists because they have satisfied the Court's remand order sufficiently to warrant dissolution of the Injunction, and they wish to refile their Motion to Dissolve Injunction for the Court's consideration. (ECF No. 120 at 1–2.)

Plaintiffs do not oppose reopening this case; instead, they oppose a limited reopening that would not permit them to raise issues regarding Defendants' alleged non-compliance with federal law. (ECF No. 121 at 1–2, 10.) Plaintiffs' Response to the Motion argues the merits of Defendants' Motion to Dissolve Injunction, and contends that Plaintiffs should be granted discovery to supplement the Administrative Record. (*Id.* at 4–10.) However, these arguments are not appropriate for a Response to a Motion to Reopen; none of these issues are before the Court on the current Motion. Furthermore, because Plaintiffs' request for discovery is contained within its Response,

it violates both this Court's Practice Standards and this District's Local Rule 7.1(d). *See* WJM Revised Practice Standard III.B. ("All requests for the Court to take any action . . . must be contained in a separate, written motion . . . ."); D.C.COLO.LCivR. 7.1(d) ("A motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document."). Accordingly, the Court declines to consider these arguments at this time.

As Defendants' motion seeking dissolution of the Injunction was an issue specifically invited by this Court in its October 18, 2011 and February 27, 2012 Orders, and as Plaintiffs do not oppose reopening this matter, the Court finds that good cause exists under Local Rule 41.2 to grant the Motion to Reopen. Once this matter has been reopened, the parties may seek relief by proper motion.

## II.  CONCLUSION

In accordance with the foregoing, the Court hereby ORDERS that Defendants' Motion to Reopen Case for Good Cause (ECF No. 120) is GRANTED, and this case shall be REOPENED.

Dated this 6th day of October, 2015.

BY THE COURT:

_____
William J. Martínez
United States District Judge