**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 08-cv-01624-WJM-MJW

COLORADO ENVIRONMENTAL COALITION,
INFORMATION NETWORK FOR RESPONSIBLE MINING,
CENTER FOR NATIVE ECOSYSTEMS,
CENTER FOR BIOLOGICAL DIVERSITY, and
SHEEP MOUNTAIN ALLIANCE,

    Plaintiffs,

v.

OFFICE OF LEGACY MANAGEMENT, and
UNITED STATES DEPARTMENT OF ENERGY,

    Defendants.

---

**ORDER DENYING WITHOUT PREJUDICE
DEFENDANTS' MOTION TO DISSOLVE THE INJUNCTION**

---

On October 18, 2011, this Court issued an order holding that the Department of Energy and its subsidiary, the Office of Legacy Management (together, "DOE"), had prepared an inadequate Environmental Assessment ("EA") for DOE's Uranium Lease Management Program ("ULMP") in southwestern Colorado. (*See generally* ECF No. 94.) The Court therefore vacated the EA and remanded the matter to the DOE for further consideration and development of a new environmental analysis. (*Id.* at 51–52.) The Court also stayed existing uranium leases and enjoined the DOE from issuing new leases. (*Id.* at 51.)

On February 27, 2012, this Court modified that injunction to permit DOE to approve certain "absolutely necessary" activities, including those necessary to complete

a more thorough environmental analysis, and certain reclamation activities.  (ECF No. 102 at 5–7.)  That is the injunction currently in effect ("Injunction").  The Injunction states that, "[a]fter Defendants conduct an environmental analysis on remand that fully complies with NEPA [the National Environmental Policy Act], ESA [the Endangered Species Act], all other governing statutes and regulations, and this Court's October 18, 2011 Opinion and Order, Defendants may move the Court to dissolve this injunction."  (*Id.* at 11.)

Currently before the Court is DOE's Motion to Dissolve the Injunction.  (ECF No. 124.)  DOE claims that it has now taken all of the steps this Court required it to take (*see* ECF No. 124-1 at 2–8), as embodied in an Environmental Impact Statement ("EIS") issued in March 2014 (*see* ECF No. 116).  Plaintiffs oppose DOE's motion largely because DOE has not provided an Administrative Record to support its March 2014 EIS.  (ECF No. 128 at 5–7.)

Whether a NEPA-enforcing injunction may be dissolved on an abbreviated record, as opposed to a full administrative record, generally turns on the language of the injunction.  *See N.C. Alliance for Transp. Reform, Inc. v. U.S. Dep't of Transp.*, 713 F. Supp. 2d 491, 504–05 (M.D.N.C. 2010) (surveying various approaches).  Injunctions that direct an agency simply to prepare, *e.g.*, a new EIS, are often dissolved upon showing that the agency had, in fact, prepared the new EIS.  *See id.*  In such cases, substantive challenges to the new EIS must be brought in separate lawsuits.  Other courts, however, have worded their injunctions to require preparation of, *e.g.*, an "adequate" EIS.  *See id.*  In such situations, the dissolution of the injunction turns on

whether the new EIS satisfies the appropriate administrative review standards.

This case falls into the latter category. This Court conditioned dissolution of the injunction on "fully compl[ying]" with the relevant statutes, regulations, and other requirements. Accordingly, the Court will not lift its injunction without first finding that DOE's 2014 EIS passes muster under the relevant environmental statutes. The Court will therefore direct the submission of a new Administrative Record and new briefing. However, because the burden is now on DOE to justify lifting the injunction, DOE shall file the opening brief and reply brief, rather than Plaintiffs.

The Court notes the parties' discussion of two bird species—the Gunnison sage grouse and the yellow-billed cuckoo—which were designated as "threatened" under the ESA in late 2014, after DOE issued the EIS. Plaintiffs appear to believe that the EIS is defective because it does not account for the species (ECF No. 128 at 15), but it is undisputed that these species were not part of the remand ordered by this Court and Plaintiffs have not served the statutorily required 60-day notice of intent to sue DOE over any alleged ESA violations with respect to these species. *See* 16 U.S.C. § 1540(g)(2). Thus, the Court does not consider DOE's actions with respect to the Gunnison sage grouse or the yellow-billed cuckoo to be a relevant consideration in the forthcoming motion practice. Any challenge Plaintiffs may have in that regard must be brought in a new lawsuit.

Accordingly, the Court ORDERS as follows:

1. DOE's Motion to Dissolve the Injunction (ECF No. 124) is DENIED WITHOUT PREJUDICE;

2. The parties shall prepare and submit an abbreviated Joint Case Management Plan ("Plan") comprising Parts 6, 9, and 10 of this District's template,[1] as follows:

   a. The parties shall confer in good faith regarding deadlines, page limits, and other matters to be addressed in the Plan no later than **January 29, 2016**;

   b. The parties shall particularly discuss whether the existing Administrative Record can be supplemented, or whether it would be more straightforward to compile a new Administrative Record specific to the 2014 EIS; and

   c. Plaintiffs shall file the proposed Plan no later than **February 12, 2016**, setting forth the parties' agreements, or, where no agreement has been reached, the parties' respective positions. Plaintiffs shall also e-mail an editable version of the proposed Plan to: martinez_chambers@cod.uscourts.gov

Dated this 13th day of January, 2016.

BY THE COURT:

William J. Martinez
United States District Judge

---

[1] *See* http://www.cod.uscourts.gov/Portals/0/Documents/LocalRules/2012-LR/Joint_Case_Management_Plan_Env_Case.docx.