**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 08-cv-1624-WJM-MJW

COLORADO ENVIRONMENTAL COALITION,
INFORMATION NETWORK FOR RESPONSIBLE MINING,
CENTER FOR NATIVE ECOSYSTEMS,
CENTER FOR BIOLOGICAL DIVERSITY, and
SHEEP MOUNTAIN ALLIANCE,

      Plaintiffs,

v.

OFFICE OF LEGACY MANAGEMENT, and
UNITED STATES DEPARTMENT OF ENERGY,

      Defendants.

---

### ORDER DENYING PLAINTIFFS' MOTION TO SUPPLEMENT

---

Before the Court is Plaintiffs' Motion to Supplement the Administrative Record with Extra-Record Evidence ("Motion to Supplement"). (ECF No. 142.) Defendants Department of Energy and its subsidiary, the Office of Legacy Management (together, "DOE"), oppose the Motion to Supplement in its entirety, and argue—accurately, as will be explained below—that two-thirds of the Motion is a near-sanctionable waste of time. (*See* ECF No. 144.) The Court denies the Motion to Supplement.

### I. LEGAL STANDARD

A proper administrative record must contain "all documents and materials directly or indirectly considered by the agency." *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993). The Court presumes that the agency properly designated its record absent clear evidence to the contrary. *Id.* at 740. The plaintiff bears the burden to

rebut that presumption.  *Ctr. for Native Ecosystems v. Salazar*, 711 F. Supp. 2d 1267, 1275 (D. Colo. 2010) ("*CNE*").

A plaintiff may move to "complete" the record, or to "supplement" it, or both. "Completing the record" means adding materials the agency considered but failed to include in the record.  *Id.* at 1274 n.7.  "Supplementing the record" means adding materials the agency did not consider, but should nonetheless be included in the record to permit a proper evaluation of the agency's decision.  *Id.*

In seeking to complete the record, a plaintiff must establish "(1) when the documents were presented to the agency; (2) to whom; (3) and under what context." *Id.* at 1275.  Having established these elements, the plaintiff must finally establish that the documents were indeed considered directly or indirectly by the relevant agency decision-makers.  *Id.*

The standard for supplementing the record is less straightforward.  In theory, supplementation should be "extremely limited" because "[a]ggressive use of extra-record materials . . . would run directly counter" to the notion that "the agency's action must be reviewed on the basis articulated by the agency and on the evidence and proceedings before the agency at the time it acted."  *Am. Min. Cong. v. Thomas*, 772 F.2d 617, 626 (10th Cir. 1985).  In the last few decades, however, the Tenth Circuit has endorsed various justifications for supplementing the record, including the following:

- "the agency action is not adequately explained and cannot be reviewed properly without considering the cited materials";

- "the record is deficient because the agency ignored relevant factors it should have considered in making its decision";

- "the case is so complex and the record so unclear that the reviewing court needs more evidence to enable it to understand the issues"; and

- "evidence coming into existence after the agency acted demonstrates the actions were right or wrong."

*Custer Cnty. Action Ass'n v. Garvey*, 256 F.3d 1024, 1028 n.1 (10th Cir. 2001).

## II.  BACKGROUND

On October 18, 2011, this Court issued an order holding that DOE had prepared an inadequate Environmental Assessment ("EA") for its Uranium Lease Management Program in southwestern Colorado.  *See generally Colorado Envtl. Coal. v. Office of Legacy Mgmt.*, 819 F. Supp. 2d 1193 (D. Colo. 2011).[1]  The Court therefore vacated the EA and remanded the matter to DOE for development of a new environmental analysis.  *Id.* at 1224.  The Court also stayed existing uranium leases and enjoined DOE from issuing new leases.  *Id.*

On February 27, 2012, this Court modified that injunction to permit DOE to approve certain "absolutely necessary" activities, including those necessary to complete a more thorough environmental analysis, and certain reclamation activities.  2012 WL 628547, at *2–3.[2]  That injunction remains in effect ("Injunction").  The Injunction states that, "[a]fter Defendants conduct an environmental analysis on remand that fully

---

[1] This decision is found on the Court's docket at ECF No. 94.

[2] On the Court's docket at ECF No. 102.

complies with NEPA [the National Environmental Policy Act], ESA [the Endangered Species Act], all other governing statutes and regulations, and this Court's October 18, 2011 Opinion and Order, Defendants may move the Court to dissolve this injunction." *Id.* at *5.

Defendants filed such a motion in October 2015, seeking to dissolve the Injunction on an abbreviated record. (ECF No. 124.) The Court denied that motion without prejudice, finding that it could not dissolve the Injunction on an abbreviated record. (ECF No. 132 at 2–3.) The Court therefore ordered DOE to assemble a new, complete administrative record and then to move again to dissolve the Injunction. (*Id.* at 3–4.) The Court subsequently entered a case management plan that required lodging of the new administrative record by March 31, 2016, followed by a June 30, 2016 deadline to file motions to complete or supplement the record, if any. (ECF No. 134 at 1.) DOE filed the new administrative record on March 31, 2016, as required. (*See* ECF No. 135.)

On June 28, 2016—two days before the motion deadline—the parties filed a Joint Motion to Amend Case Management Plan ("Joint Motion"). (ECF No. 138.) Specifically referencing the upcoming motion deadline, the parties informed the Court that they had

> conferred on three occasions to discuss the record. Plaintiffs have asked Federal Defendants [*i.e.*, DOE] to provide additional records and to create a privilege log. In an effort to avoid the need for motion practice on the administrative record, Federal Defendants have voluntarily agreed to include additional documents in the administrative record and to generate and provide Plaintiffs with a privilege log. Federal Defendants' efforts to locate and produce the additional records and to generate a privilege log are

4

>significant, time-consuming efforts that cannot, despite
>diligent efforts, be completed before the June 30 deadline
>for filing a motion to complete or supplement the
>administrative record.  Federal Defendants estimate that
>they will be able to provide Plaintiffs with the additional
>documents and privilege log by August 12, 2016, and file the
>additional accession to the administrative record with the
>Court by August 19, 2016.  The Parties believe that the
>foregoing circumstances provide good cause to [*sic*] for
>amending the Case Management Plan [to extend the motion
>deadline until August 26, 2016, after the August 19 date for
>lodging additional record documents].

(*Id*. at 1–2 (emphasis removed).)

The Court granted this motion.  (ECF No. 139.)  DOE, as promised, lodged a "supplemental administrative record" on August 19, 2016.  (ECF Nos. 140, 141.)  These additional documents apparently did not resolve Plaintiffs' concerns—Plaintiffs filed the Motion to Supplement at issue here on August 26, 2016.  (ECF No. 142.)

### III.  ANALYSIS

Plaintiffs' Motion to Supplement asks the Court to supplement the record with three general categories of documents:

1. documents related to a November 2014 Mitigation Action Plan (ECF No. 142 at 10–11);

2. "two folders of electronic files . . . that . . . contain redacted documents previously withheld in full from the Administrative Record based on various assertions of privilege" (*id*. at 16); and

3. thirteen DVDs containing complete permit files from the Colorado Division of Reclamation, Mining and Safety regarding lease tracts at issue in these proceedings (*id*. at 11–16).

Bizarrely, however, Plaintiffs acknowledge that the first and second categories entirely comprise documents included in the records DOE lodged on August 19, 2016. (*See id*. at 2, 10–11, 16.) In other words, these documents are *already in the record*, yet Plaintiffs still move to have them included.

The Court will address the first and second categories ("August 19 materials") together in Part III.A, below. The Court will then address the third category (which mostly comprises genuinely extra-record documents) in Part III.B.

**A.      August 19 Materials**

Plaintiffs' argument for re-including the already-included August 19 materials in the administrative record begins with an attempt to characterize the August 19 materials as illegitimately filed: "On August 19, 2016, [DOE] 'lodged' a second set of documents with the apparent intent to supplement the Administrate Record. Defendants identified no rule allowing 'lodging' of additional records, despite authority confirming supplementation must be requested via motion." (ECF No. 142 at 2 (citation omitted).) This is astonishing, given that Plaintiffs agreed via the Joint Motion that their deadline to file a motion to supplement the record should be pushed back specifically to accommodate DOE's intent to place "additional documents in the administrative record," in hopes of "avoid[ing] the need for motion practice on the administrative record." (ECF No. 138 at 1.)

Plaintiffs seem to be exploiting the fact that the Joint Motion does not specifically request permission to supplement the record, and therefore the Court never entered an order specifically approving of DOE's intent to do so. But the unmistakable justification for extending the motion deadline was the parties' agreement to permit DOE to

6

supplement the record. Perhaps the better practice would have been to request an order permitting such supplementation, but the Court nonetheless granted the deadline extension for "good cause shown" (ECF No. 139), namely, what no reasonable person could interpret as anything but an agreement between the parties that DOE could add documents to the administrative record by August 19. It is thus beyond belief how any of Plaintiffs' attorneys—Mr. Travis Stills, Mr. Jeffrey C. Parsons, and Mr. Roger Flynn—can represent in good faith that the August 19 materials were filed without authorization.

DOE's response brief points out the absurdity of Plaintiffs' position (ECF No. 144 at 4–5), and Plaintiffs' reply brief appears to retreat to the notion that, prior to the Joint Motion, there had been no agreement on what specifically DOE would file on August 19 (*see* ECF No. 145 at 2–3 & n.3). This may be technically true,[3] and if Plaintiffs were seeking to *exclude* material from the administrative record, such an argument might be relevant. But it is irrelevant in this context because Plaintiffs want the August 19 materials *included* in the administrative record—which they already are.

This naturally raises the question: Why would a party move to "supplement" the administrative record with materials the party knows are already in the administrative record? The answer in this case lies in the distinction made in Part I, above, between "completing" and "supplementing" the record. Plaintiffs want this Court specifically to

---

[3] Although the Court doubts it. As far as the parties' filings reveal, DOE never sought of its own accord to supplement the administrative record. To the contrary, Plaintiffs' exhibits show that the Joint Motion grew out of *Plaintiffs'* requests that the DOE include in the administrative record precisely the documents that the DOE eventually included in the administrative record. (*See* ECF No. 145-1.)

7

declare that the August 19 materials are "extra-record evidence," or in other words, a *supplement* to the record. Plaintiffs seek such a ruling apparently to preempt DOE from making any argument based on these records—because, in Plaintiffs' view, such an argument would be an impermissible *post hoc* justification of the administrative decision the Court will review. (*See* ECF No. 142 at 10–11.) In other words, Plaintiffs want this Court to declare that the August 19 materials are fair game only for them, not for DOE.

The Court will not take the bait. Plaintiffs cite no authority for what amounts to a "motion to categorize the record." Nor will this Court establish any such authority. Administrative review cases are already complicated enough. The Court will not endorse yet another procedural layer, in which the Court pre-determines the proper argumentative uses of every document in the record.

If DOE in fact argues from the August 19 materials in its forthcoming opening brief, Plaintiffs are free to counter in their response brief that the Court should disregard these arguments from DOE.[4] But the Court will not, and likely cannot, make that determination apart from the merits of this case. Plaintiffs' Motion to Supplement is therefore denied as to the August 19 materials.[5]

**B.     Mining Division Files**

The final category of documents is the thirteen DVDs of records obtained from the Colorado Division of Reclamation, Mining and Safety ("Mining Division"). These

---

[4] To be clear, any such argument from Plaintiffs should be in the response brief itself, not in a separate motion to strike.

[5] Should Plaintiffs ever seek post-remand attorneys' fees, Plaintiffs would be well-advised to think very carefully before claiming any fees incurred in presenting their argument regarding the August 19 materials.

records comprise "complete copies of [Mining Division] mine permitting files that are posted on the [Division's] website, as they existed on August 25, 2016." (ECF No. 142 at 12 (footnote omitted).)  These records will supposedly "provide context to Plaintiffs' argument that [DOE] improperly narrowed the scope of the [decision the Court will eventually review]." (*Id*.)

This, thankfully, is a more traditional supplementation argument, but Plaintiffs have not met their burden to show why supplementation is warranted.  *See CNE*, 711 F. Supp. 2d at 1275.  Plaintiffs offer thirteen DVDs' worth of undifferentiated files with no effort to explain why the entirety of every DVD meets the standard for supplementing the record.  Such a "data dump" approach is not enough to demonstrate a need to supplement the record.

Plaintiffs argue that "[t]he law of this case confirms the Court can go beyond the Administrative Record to consider information on agency websites and to inform itself of the factual context of the case." (ECF No. 142 at 12.)  In support, Plaintiffs cite footnote 2 and pages 9–10 from ECF No. 94,[6] which is this Court's October 2011 order vacating the EA.  The Court will address these citations in reverse order.

At pages 9–10 of ECF No. 94 (corresponding to 819 F. Supp. 2d at 1202–03), the Court addressed DOE's motion to strike Mining Division lease documents that Plaintiffs had attached to their reply brief.  DOE argued that this was extra-record evidence, and Plaintiffs countered that those lease documents were "necessary to rebut

---

[6] Plaintiffs actually cite "ECF No. 112" (*see* ECF No. 142 at 12), which is a four-page DOE filing irrelevant to the present issues.  Plaintiffs' pin cites make clear that they could only be referring to ECF No. 94.

the extra-record evidence DOE itself recently submitted to the Court regarding its plan to effectively stay any ground disturbing activities on the lease tracts." *Id*. at 1202. The Court announced that it would consider the extra-record evidence "only for [the] purpose" of "evaluating DOE's arguments that the action is potentially moot and unripe." *Id*. at 1203. This does not establish any sort of "law of the case" regarding citation to Mining Division documents.

As for footnote 2, the Court there cited the EPA's website for a general description of uranium and its uses, and then cited, among other things, "*New Mexico ex rel. Richardson v. Bureau of Land Mgmt.*, 565 F.3d 683, 702 n.22 (10th Cir. 2009) (taking judicial notice of information on government websites in APA case)." 819 F. Supp. 2d at 1199 n.2. The websites at issue in the *New Mexico* case were those of federal agencies—the federal agency defendants, in fact—not third-party state agencies. Moreover, the Tenth Circuit did not use that information against the agencies, just as this Court did not use the EPA website information against DOE. The latter citation was simply for context. This establishes nothing like "law of the case."

Of course, Plaintiffs are not making a true law-of-the-case argument anyway. Law-of-the-case "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). The fact that this Court accepted extra-record documents for purposes of evaluating standing and consulted a website for general background information does not establish any rule of law.

Plaintiffs' Motion to Supplement is therefore denied with respect to the thirteen

DVDs. However, the Court will not preemptively prohibit Plaintiffs from attaching discrete documents from that collection and arguing from them in Plaintiffs' forthcoming response brief on the merits, to the extent those arguments are directly relevant to rebut DOE's claims. Plaintiffs, however, should understand the risk they take in doing so. First, "because the burden is now on DOE to justify lifting the injunction, DOE shall file the opening brief [on the merits] and reply brief, rather than Plaintiffs." (ECF No. 132 at 3.) Thus, Plaintiffs' only brief on the merits will be their response brief. Second, Plaintiffs will need to justify the propriety of considering whatever they may attach, but the Court will *not* extend Plaintiffs' 40-page limit (previously set, *see* ECF No. 134 at 2, and reiterated below) to accommodate Plaintiffs' choice to argue from extra-record evidence (or for any other reason). Third, DOE will have an opportunity in its reply brief to argue that the extra-record evidence should not be considered at all.[7] If the Court accepts this argument, Plaintiffs will have wasted their time on these matters. Plaintiffs must therefore carefully consider their argumentative strategy.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiffs' Motion to Supplement the Administrative Record with Extra-Record Evidence (ECF No. 142) is DENIED;

2. Per ECF No. 134, the Court sets the following merits briefing schedule:

   a. DOE shall file its combined motion to dissolve the Injunction and opening brief on the merits of up to 30 pages on or before **April 7, 2017**;

---

[7] Again, any such argument should be in the brief itself, and not through a separate motion to strike.

    b.    Plaintiffs shall file their response brief of up to 40 pages on or before **May 19, 2017**; and

    c.    DOE may file its reply brief of up to 30 pages (or up to 35 pages if Plaintiffs' response brief includes an argument to consider extra-record evidence) on or before **June 19, 2017**;

    d.    All page limits referenced above shall be exclusive of attorney signature blocks and certificate of service;

3.    Given the age of this case, no extension of these deadlines will be considered absent compelling good cause; and

4.    The parties shall review the Court's specific questions set forth in ECF No. 134 at 2, and include answers to those questions in their merits briefs.

Dated this 7th day of March, 2017.

BY THE COURT:

_William J. Martinez_
United States District Judge